Argued May 6, reversed June 15, 1966

## HOFFARBER *v.* GLEASON ET AL
### 415 P. 2d 518

*Charles S. Evans,* Deputy District Attorney, Portland, argued the cause for appellants. With him on the briefs was George Van Hoomissen, District Attorney, Portland.

*V. C. Hefferin,* Portland, argued the cause for respondent. With him on the brief were Rask, Hefferin & Bowerman, Portland.

Before McAllister, Chief Justice, and Sloan, Goodwin, Lusk and Hammond, Justices.

SLOAN, J.

This is a suit to enjoin the County Commissioners of Multnomah County, and the County Roadmaster, from widening a county road. A part of plaintiff's land had been taken for that purpose. She complains that she did not receive adequate notice of the proceedings which took her property and that they were void. The trial court sustained her plea. The county appeals.

It is acknowledged that the county followed the statutory procedure for the condemnation. The statutes, beginning with ORS 368.405, permit the commissioners to initiate the proceeding by a resolution of its intention to widen the road. Viewers are appointed and notice of the commission's purpose is posted and forwarded by mail to the record owners of the land involved. ORS 368.445. Plaintiff received the statutory notice and filed a petition for damages. ORS 368.490. The statute, ORS 368.510, provides for the hearing that is to be had on such a petition but no additional notice is required by statute to the petitioning owner as to precisely when the hearing is to be held. Plaintiff did not attend the hearing. Her petition was denied. ORS 368.525 permits the aggrieved property owner to appeal to the circuit court within 20 days after the final order of the commission. Plaintiff failed to appeal. The statutes assume that the remonstrator will know of the statutory procedure and advise himself of the commission's proceedings.

The trial court held that the failure to give a notice of the hearing and of plaintiff's right to appeal within

20 days thereafter invalidated the proceedings as to plaintiff, the effect of which is to invalidate the statute. We do not agree with the trial court.

The cases cited and relied on by plaintiff such as *Hood River L. Co. v. Wasco County,* 1899, 35 Or 498, 57 P 1017, and *Lauderback et al v. Multnomah County,* 1924, 111 Or 681, 226 P 697, concern cases in which either no notice at all was required by the enabling statutes or the statutory form of notice was not given. These cases are not decisive of the present appeal.

Instead the situation is governed by *Bechtell et al v. City of Salem et al,* 1961, 226 Or 1 at pp. 6 and 7, 358 P2d 563, where we were concerned with the identical question in regard to the procedure for a city to levy special assessments. We held in *Bechtell* that the initial notice was sufficient and that it was not constitutionally required, though preferable, for notice to be given of subsequent proceedings. The test of the procedures adopted by the statutes we here examine is governed by *Bechtell* and the cases cited in that opinion. The process and procedure provided by the statutes are valid.

Reversed.